IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| v. | |
| DEREK WILLIS | NO. 4:18CR00221 |

### DEFENDANT DEREK WILLIS'S MOTION TO TERMINATE SUPERVISED RELEASE

Defendant Derek Willis respectfully requests that this Court terminate my supervised release after I served my prison sentence and the majority of my three-year term of supervised release. I plead guilty to fraud together with my wife. I accepted the utmost responsibility for my crimes, even asking the Court to impose my wife's prison sentence on me instead. During my prison term, I immediately sought drug and alcohol treatment and successfully completed it. During my time in prison, my conduct was exemplary and I was allowed positions of responsibility and trust. After my release, I have fully reintegrated myself into the community. I have done everything I can to rehabilitate myself and redress the fraud that brought me before the Court.

I have accomplished all of the aims of my supervision and all that anyone could ask of me. As a result, I am an ideal candidate for early termination of my supervised release.

### FACTUAL BACKGROUND

1.  In April 2014, I plead guilty, accepting responsibility for mail fraud, perjury, obstruction of justice. I ran a printer-cartridge company. A co-defendant stole about $1.3 million worth of printer cartridges from the City of Philadelphia. I

purchased and resold them. I also committed perjury and destroyed evidence in connection with the investigation into my fraud.

2. I have accepted full responsibility for my crimes. Prior to this case, I had never even been arrested, much less convicted of a crime. I served this country in military service. As outlined in the many character references attached to my sentencing memorandum that I received from friends, employees, and business acquaintances, I was ashamed of my conduct and remorseful for what I had done.

3. At my sentencing hearing, the Court entered a sentence of three years, with three years of supervised release to follow. The Court also imposed certain terms of supervised release beyond the standard conditions. Before sentencing, I regularly used marijuana and alcohol; the Court ordered appropriate drug treatment or testing. The Court also ordered that I pay $1,250 per month in restitution and imposed various conditions on me to ensure that I would pay.

4. Even before I reported to prison, I took steps to address the Court's concerns. I requested the Court's permission to be admitted to a residential drug-and-alcohol program. (Doc. 105). The Court granted the motion, subject to the BOP's determination that I was eligible. (Doc. 106). Once in prison I was able to enter the treatment program and successfully completed it.

5. While in prison I was a model prisoner. Given my conduct, the prison allowed gave me prison jobs requiring trust, including responsibility for supplies and jobs outside of the confines of the prison without direct supervision. The prison even allowed me a cross state weekend travel pass.

6. From prison I was released to a halfway house. While there, I prepared for a new career. I obtained a Commercial Driver's License so I could work in the trucking industry.

7. After my release, I opened my own trucking company and work diligently to support myself and my family with whom I now live.

8. As a result of my efforts my wife and I have been able to make all of our combined restitution payments of $2,500 per month. We have done so despite the severe financial strain that these payments impose on us given a decrease in our income.[1]

9. I have now served over two years of my three-year term of supervised release. I have not been arrested or had any violations of the conditions of my supervision.

10. I have not abused drugs or alcohol and have not committed any crimes. I do not and would not engage in criminal activity to support myself; I work diligently in my new vocation as a truck driver.

11. In short, I have successfully transitioned into community life after serving my prison sentence and the majority of my term of supervised release. I now ask this Court to terminate my supervised release under 18 U.S.C. § 3583(e)(1).

## Governing Law

12. Under 18 U.S.C. § 3853(e)(1), this Court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."

---

[1] My wife and I intend to file a motion to reduce the monthly payment given changes in our financial circumstances.

13. The Third Circuit has not yet adopted clear guidance in a precedential opinion explaining when district courts should grant motions to terminate supervised release under § 3853(e)(1).

14. However, the statute specifies that this Court is to consider the sentencing factors of 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7). Relevant here, those factors include:

> (a) Factors To Be Considered in Imposing a Sentence.—The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
> . . .
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (4) [the sentencing range].

15. In addition, in the Guide to Judiciary Policy, Volume 8E, § 380.10, the Judicial Conference has identified the following criteria for probation officers to consider a request for termination of supervised release:

> (b) Officers should consider the suitability of early termination for offenders as soon as they are statutorily eligible. The general criteria for assessing whether a statutorily eligible offender should be recommended to the court as an appropriate candidate for early termination are as follows:

  (1) Stable community reintegration (e.g., residence, family, employment);

  (2) Progressive strides toward supervision objectives and in compliance with all conditions of supervision;

  (3) No aggravated role in the offense of conviction, particularly large drug or fraud offenses;

  (4) No history of violence (e.g., sexually assaultive, predatory behavior, or domestic violence);

  (5) No recent arrests or convictions (including unresolved pending charges) or ongoing, uninterrupted patterns of criminal conduct;

  (6) No recent evidence of alcohol or drug abuse;

  (7) No recent psychiatric episodes;

  (8) No identifiable risk to the safety of any identifiable victim; and

  (9) No identifiable risk to public safety based on the Risk Prediction Index.

## LEGAL ARGUMENT

16. This Court should terminate my supervised release. Supervised release no longer serves its intended purpose.

17. As the Sentencing Commission and the Supreme Court have explained, the purpose of supervised release is to "assist individuals in their transition to community life." It serves "rehabilitative ends, distinct from those served by incarceration." Post-release supervision is "for those, and *only those*, who need it." United States Sentencing Commission, *Federal Offenders Sentenced to Supervised Release* at 1–2 (July 2010) (emphasis added) (citing *United States v. Johnson*, 529 U.S. 53, 59 (2000)).[2]

---

[2] This report is available on the Sentencing Commission's website at bit.ly/386MORW (last visited Feb. 7, 2020).

18. The purpose of supervised release is to help a former prisoner to rehabilitate himself where he "still needs supervision and training programs." *United States v. Carter*, 730 F.3d 187, 196 (3d Cir. 2013) (quoting S. Rep. No. 8-225, at 124 (1983), 1984 U.S.C.C.A.N. 3182, 3307).

19. Here, I no longer need the help that supervised release provides me. I have fully transitioned to community life and accomplished the aims of my supervised release. I addressed my drug and alcohol issues. I have a lawful calling and make my restitution payments. I have close ties to the community and no ties or connection to criminal life. I no longer need assistance in my transition from federal prison. I have accomplished the goals of my supervised release. In sum, I have done my time and reintegrated myself into society.

20. Under § 3583(e)(1), my conduct warrants termination of my supervised release. I have done everything you could ask to rehabilitate myself. There is no reason for my supervised release to continue.

21. A review of the Judicial Conference's criteria for probation officers to recommend termination of supervised release confirms that there are no longer any concerns to address through supervised release. I have "stable community reintegration," as discussed earlier. I have accomplished my supervision objectives. I have no history of violence and also no arrests after I came home from federal prison. I have not abused drugs or alcohol and have not had any psychiatric problems. And I present no "identifiable risk to the safety of any identifiable victim." I have never committed a violent crime and have done and will do nothing against the victim of my fraud—the City. To the contrary, I have diligently worked to make amends by making my restitution payments. Any connection to criminal activity is behind me.

22. In addition to allowing me to live without the burdens of supervised release, terminating my supervised release would also help me support myself through my trucking business. Because of my supervised release, I have been unable to obtain certifications necessary to take contracts with companies that ship hazardous material such as fertilizer. Supervised release now imposes meaningful restrictions on my ability to make a living instead of providing me assistance in my transition from federal prison as it is intended to do.

### Conclusion

23. I respectfully ask this Court to help me to be treated as anyone else in our country would be. I have done my time and accomplished the aims of my supervised release. Accordingly, I respectfully request that this Court terminate my supervised release after I served the majority of its term.

Respectfully submitted,

_____
Derek Willis
400 Cliff Road
Russellville, AR 72802
(479) 858-1152
dsw@lasercartridgeplus.com

Dated: July 9, 2020